IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD CROMWELL | : | |
| Petitioner | : | |
| v | : | Civil Action No. WDQ-05-2895 |
| JAMES C. SMITH and JAMES PEGUESE | : | |
| | : | |
| Respondents | | |

o0o
## MEMORANDUM

The above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 alleges that Petitioner is illegally incarcerated as a result of a misinterpretation of the sentences imposed. Paper No. 1. Pursuant to this Court's Order of January 6, 2006, Respondents have filed an Answer asserting that no federal claims have been raised and, in the alternative, that the allegations are without merit. Paper No. 8. Upon review of the documents filed, this Court finds a hearing in this matter to be unnecessary. *See* Local Rule 105.6. For the reasons that follow, the petition shall be denied.

On March 6, 1980, Petitioner was sentenced to serve: 20 years for robbery with a deadly weapon; 10 years consecutive to the 20 years, for use of a handgun in the commission of a crime of violence; and four years concurrent with the 20 year term for unauthorized use. Paper No. 8 at Ex. 1. The term of confinement, imposed by the Circuit Court for Baltimore City, was given a starting date of August 3, 1979. *Id.* Petitioner asserts that the total amount of time he is obligated to serve on his sentence should be 20 years, but the Division of Correction has interpreted his sentence to be 30 years. He contends that because a starting date was given for his term of confinement, the sentences are ambiguous and the rule of lenity must be applied, making

the sentences concurrent. Paper No. 1.  The argument raised by Petitioner relies upon the Maryland Court of Appeals decision in *Robinson v. Lee*, 317 Md. 371, 564 A. 2d 395 (1989), holding that imposition of a sentence as "consecutive to sentence now serving" is ambiguous where more than one sentence is being served at the time of imposition.

Respondents assert that the instant petition does not raise a federal claim and indeed, there are no federal constitutional issues raised in the instant petition.  Further, this is the second time Petitioner has raised this claim in this Court.  *See Cromwell v. Peguese*, Civil Action No. WDQ-03-1619 (D. Md. 2003).  In that case, the petition was dismissed without requiring an answer because "[p]ronouncement of a starting date to Petitioner's term of confinement does not transform the consecutive ten year sentence into a concurrent one, as Petitioner would have it.  This is true even if the starting date is announced after the sentences are imposed because it does not create an ambiguity in the sentencing judge's meaning." *Id*. at Paper No. 3.  The decision dismissing the petition was appealed to the Fourth Circuit Court of Appeals and subsequently affirmed.  *Id*. at Paper No. 6.  Accordingly, the instant petition shall be dismissed by separate order which follows.

April 20, 2006                                                      /s/
Date                                                      William D. Quarles, Jr.
                                                          United States District Judge